UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07CV-32-H

UNITED STATES OF AMERICA for the use
and benefit of KENTUCKY INDUSTRIAL METALS, LTD,
a Kentucky corporation                                                                     PLAINTIFF

V.

HARTFORD FIRE INSURANCE COMPANY,
a Connecticut corporation; and
RELIABLE CONTRACTING GROUP, LLC,
a Kentucky limited liability company                                                   DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Defendants have moved to dismiss this Miller Act claim on the grounds that Plaintiff did not file its complaint within the one-year limitation. 40 U.S.C. § 3133(b)(4).[1] Plaintiff filed the complaint on June 23, 2006, and cites evidence that it last performed work on June 24, 2005. Defendant argues that the payroll records show that the last work occurred on May 20, 2005, or about one month outside the limitation period. The question of whether Plaintiff has filed within the statute of limitations is a question of fact and law for the Court to decide.[2]

Defendants rely upon the fact that Plaintiff's last certified payroll shows May 20, 2005,

---

[1] Though no party has raised the issue, both counsel for Plaintiff and the principals of Reliable Contracting are aware that this judge represented Reliable or its predecessor company in several matters some sixteen (16) to twenty (20) years ago. This judge does not believe that these matters represent either an actual conflict or the appearance of a conflict because he has had no social or business contact since that time.

[2] Defendants have also moved to disqualify counsel for Plaintiff on the grounds that those counsel formerly represented Reliable Contracting Group. The Court finds it unnecessary to resolve that issue.

as the last day of work performed by its employees. Plaintiff responded by asserting that Mark Popham, a carpenter laborer, worked eight hours on June 24, 2005. It submitted a payroll showing that Popham worked eight hours on June 22-24 and daily reports showing work for May 31 through June 23. The Court has carefully reviewed this evidence.

Under these circumstances, Plaintiff has the burden of presenting evidence of subject matter jurisdiction. *Ohio Nat. Life Ins. Co. v. U.S.*, 922 F.2d 320, 325 (6th Cir. 1990). Plaintiff has full access to the evidence necessary to do so. But that evidence appears unusually weak. The June 28 payroll Plaintiff relied upon was never actually sent to Defendant. Moreover, the date of its creation is unknown and not indicated on the document. Plaintiff's response contains no affidavit of Cheryl Chadwick, who is the person necessary to assure the truth of the claims. Based upon the failure to submit the June 28 payroll contemporaneously, the absence of a date and the clause of a confirming affidavit from Ms. Chadwick, the payroll presents extremely unreliable evidence.

The Court's view of the evidence is not simply a matter of the absence of a certified payroll for a particular period, although such evidence is clearly the most persuasive available. The evidence from Popham and Oliver lacks the specificity that one would expect, particularly where it is necessary to overcome the evidentiary force of contrary company documentary evidence. The daily reports contain no reliable evidence of work performed by Plaintiff. Mark Popham submitted an affidavit which contains more conclusions rather than facts. Simply weighing the evidence, the Court finds that Plaintiff last performed work on the relevant job on or about May 20, 2005. Therefore, the Court concludes, based upon a review of all available evidence, that Plaintiff filed its complaint more than one year after it last supplied men and

material to the relevant job.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion to dismiss Plaintiff's Miller Act claim is SUSTAINED and Plaintiff's complaint is DISMISSED WITH PREJUDICE.

This is a final order.

cc: Counsel of Record